Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5513 | **DATE** | 7/20/2001 |
| **CASE TITLE** | Antonne Cox vs. City of Chicago | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Both the Complaint and this action must be and are dismissed (a dismissal that constitutes one strike for purposes of Section 1915(g)), although such dismissal does not affect Cox' continuing liability for payment of the $150 filing fee.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 23 2001 | |
| | Notified counsel by telephone. | date docketed | 3 |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/20/2001 | |
| | | date mailed notice | |
| SN | courtroom deputy's initials | SN | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

FILED FOR DOCKETING
01 JUL 20 PM 12: 46

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTONNE COX,            )
                        )
        Plaintiff,      )
                        )
    v.                  )   No. 01 C 5513
                        )
CITY OF CHICAGO, et al.,)
                        )
        Defendants.     )

## MEMORANDUM OPINION AND ORDER

Antonne Cox ("Cox") has submitted a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint--self-prepared in the sense that he has used the form made available by this District Court's Clerk's Office for prisoners claiming deprivations of their constitutional rights, with Cox having filled in the various blanks in the form in handwriting. Cox has named as defendants the City of Chicago ("City"), Cook County ("County") and the "Public Defender Office" and Cook County Public Defender Rita Fry ("Fry"). Because Cox's status as a pretrial detainee requires his compliance with 28 U.S.C. §1915,[1] this opinion will first turn to that subject and will then explain why both the Complaint and this action must be and are dismissed.

As for the first subject to be discussed, Cox has done none of the things required of a prisoner under Section 1915: No application to proceed without prepayment of the $150 filing fee

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

accompanies his Complaint (see Section 1915(a)(1)), nor has he provided the required certified copy of his trust fund account statement at the County Jail for the period that he has been in custody there (although Section 1915(a)(2) prescribes a six-month period before the prisoner files the complaint, it appears from Complaint ¶V that Cox has been in custody only since about May 22, 2001, so that the trust fund statement should cover the time between his being taken into custody and July 16, 2001). Despite those omissions, Section 1915(b)(1) expressly obligates Cox to pay the full $150 filing fee.

Accordingly, a copy of this memorandum opinion and order is being sent to Cox together with copies of the prescribed Application To Proceed Without Prepayment of Fees, which he is ordered to fill out and to return to this Court in duplicate on or before August 3, 2001. At the same time, to facilitate this Court's calculation of the amount that Cox must pay initially on account of the filing fee (see Section 1915(b)(1)), a copy of this opinion is also being sent to the authorities at the County Jail, directing those authorities promptly to prepare and send a copy of the required trust fund account printout to:

> Honorable Milton I. Shadur
> United States District Judge
> 219 South Dearborn Street
> Room 2388
> Chicago IL 60604

To turn to the substance of Cox' Complaint, he charges there

that the unnamed Assistant Public Defender who is assigned to his case has failed to pursue--despite Cox' repeated requests that he do so--a reduction in the $90,000 bail figure initially set by a state court judge on criminal charges that Cox describes as "credit card violations." That grievance does not of course implicate City at all, so that Cox' naming it as a defendant must be viewed as totally frivolous. And the same is true of County, for nothing that Cox has said ascribes to it the kind of direct activity (as contrasted with any potential respondeat superior responsibility) that would survive scrutiny under Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 691 (1978).

Finally, as to Public Defender Fry, this Court leaves aside the absence of her personal noninvolvement, for Cox could presumably cure that difficulty by identifying the Assistant Public Defender assigned to his case and by substituting that individual for Fry as a defendant. Instead the fatal flaw with that claim is that a public defender is not a "state actor" subject to Section 1983 liability to begin with (Polk County v. Dodson, 454 U.S. 312 (1981)).

What all of this adds up to is that Section 1983 is so patently inapplicable to Cox' Complaint that it is "frivolous" in the legal sense defined by Neitzke v. Williams, 490 U.S. 319, 325 (1989) and refined in Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Hence both the Complaint and this action must be and are

3

dismissed (a dismissal that constitutes one strike for purposes of Section 1915(g)), although such dismissal does not affect Cox' continuing liability for payment of the $150 filing fee.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: July 20, 2001